# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **JAMIE DALE SMITH**<br>        LA. DOC #355512<br>VS. | **CIVIL ACTION NO. 09-0827**<br><br>**SECTION P**<br><br>**CHIEF JUDGE JAMES** |
| **WARDEN, DAVID WADE CORRECTIONS CENTER** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner, Jamie Dale Smith, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 18, 2009. Petitioner attacks his May 2003 manslaughter conviction in Louisiana's Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the Fifth Circuit Court of Appeals.

### *Background*

Petitioner, who was originally charged with the second degree murder of Jerry D. Jones, pled guilty to manslaughter on May 20, 2003, in a criminal prosecution under Docket Number 01-F0457 of the Fourth Judicial District Court, Ouachita Parish. In accordance with the plea agreement which provided a sentencing cap, a sentencing hearing was convened and petitioner was sentenced to serve the maximum agreed upon sentence of 30 years.

On February 26, 2007, petitioner filed a *pro se* petition for writ of *habeas corpus* in this Court attacking his 2003 manslaughter conviction and claiming ineffective assistance of counsel,

faulty indictment, and sentencing error. [See *Jamie Dale Smith v. Warden*, Docket No. 3:07-cv-0371 at rec. doc. 1] On May 18, 2007, the Court dismissed the petition with prejudice having adopted the undersigned's Report and Recommendation which concluded that the petition was time-barred by the provisions of 28 U.S.C. §2244(d). [See *Smith v. Warden*, 3:07-cv-0371 at rec. doc. 5 (Report and Recommendation); rec. doc. 7 (Memorandum Ruling); and rec. doc. 8 (Judgment)] On February 19, 2008, the United States Fifth Circuit Court of Appeals denied petitioner's motion for a Certificate of Appealability (COA). [See *Jamie Dale Smith v. Warden Wade Correctional Center*, No. 07-30511 at 3:07-cv-0371 rec. doc. 17]

As noted above, petitioner filed the instant petition on May 18, 2009. Petitioner attacks the same 2003 manslaughter conviction he attacked in the prior *habeas* proceeding claiming venue problems, involuntary plea, and ineffective assistance of counsel. [See 3:09-cv-0827 at rec. doc. 1]

*Law and Analysis*

This is petitioner's second federal *habeas corpus* action. A *habeas corpus* petition is not "second or successive" simply because it is filed after an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). According to the Fifth Circuit "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id*.; *Crone v. Cockrell*, 324 F.3d 833, 836-837 (5th Cir. 2003).

The claims for relief raised herein were either raised in the earlier *habeas corpus* petition, or could have been. Therefore, the instant petition must be considered a "second or successive" petition for writ of *habeas corpus*. Before a successive petition is filed in district court, the

petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). The fact that petitioner's earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). See *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).

Petitioner has not sought and received authorization to file a second or successive *habeas corpus* from the Fifth Circuit Court of Appeals, therefore, this court lacks jurisdiction to consider his petition. See *Burton v. Stewart*, 549 U.S. 147, 157, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999). Petitioner must comply with the statute and obtain an order authorizing this Court to consider his claims from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3); *In re McGinn*, 213 F.3d 884, 885 (5th Cir.2000).

In *In re Epps,* 127 F.3d 364 (5th Cir.1997), the Fifth Circuit adopted a procedure which might be employed when a successive petition is erroneously filed in the district court. *Epps* suggests that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under § 2244 is appropriate.

Accordingly,

**IT IS RECOMMENDED** that petitioner's second and successive Application for Writ of *Habeas Corpus* be transferred to the United States Fifth Circuit Court of Appeals in accordance with 28 U .S.C. § 2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe, Louisiana, July 23, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE